IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WISCONSIN

DAVID CLEMENCE
2732 State Highway 155                    Case No.:        _____
Sayner, WI 53560

     Plaintiff,

MEDICARE, C/O ALEX AZAR,
SECRETARY OF THE DEPARTMENT OF HEALTH AND HUMAN SERVICES
c/o Scott Blader, United States Attorney
222 West Washington Avenue, Suite 700
Madison, WI 53703

     Involuntary Plaintiffs,

vs.

COUNTY OF ONEIDA
1 S. Oneida Avenue
Rhinelander, WI 54501

ONEIDA COUNTY SHERIFF'S OFFICE
2000 E. Winnebago Street
Rhinelander, WI 54501,

MICHAEL BARAN
2000 E. Winnebago Street
Rhinelander, WI 54501,

TIMOTHY JOHNSON
2000 E. Winnebago Street
Rhinelander, WI 54501,

GRADY HARTMAN
2000 E. Winnebago Street
Rhinelander, WI 54501,

     Defendants.

**COMPLAINT**

NOW COMES the above-named plaintiff, David Clemence, by his attorneys, the Law Offices of Robert A. Levine, represented by Robert A. Levine, and as and for a claim against the defendants, County of Oneida, the Oneida County Sheriff's Office, Michael Baran, Timothy Johnson, and Grady Hartman alleges and shows to the court as follows:

## INTRODUCTION

1.      Plaintiffs have separate claims which arise out of the same incident and are joined for the purpose of suit and trial, but each prays for a separate judgment.

2.      This is a civil action brought under 42 U.S.C. 1983 to address the deprivation under color of law of plaintiff's rights and all similarly situation as secured by the United States Constitution.

3.      This is a civil action seeking damages against the defendants for committing civil acts under of color of law which deprived the plaintiff, David Clemence (hereinafter "Clemence"), of rights secured by the 4th and 14th Amendments to the Constitution of the United States and the Constitution of the State of Wisconsin, including but not limited to depriving the plaintiff Clemence of due process of law.

## JURISDICTION AND VENUE

4.      This Court has jurisdiction of the action pursuant to 28 U.S.C. 1331.

5.      Venue is proper under 28 U.S.C. 1391(b) because, upon information and belief, all or most of the parties reside in this judicial district, and the events giving rise to the claim asserted herein all occurred within the district.

## PARTIES

6. At all of the times hereinafter mentioned, the plaintiff Clemence (DOB: 05/27/1937) was and now is a resident of the City Sayner, County of Oneida, State of Wisconsin, residing at 2732 State Highway 155.

7. At all of the times hereinafter mentioned, the involuntary plaintiff Medicare, through Alex Azar, Secretary of the United States Department of Health and Human Services, had and has oversight responsibility for the Health Care Financing Administration, the agency responsible for administering the federal Medicare program.

8. At all of the times hereinafter mentioned, the defendant The County of Oneida, a Municipal Corporation (hereinafter "County") was and now is a Wisconsin corporation, duly organized and existing pursuant to the laws of the State of Wisconsin with its principle place of business located at 1 South Oneida Avenue in Oneida County, Wisconsin and is in charge of the Oneida County Sheriff's Office and its officers.

9. At all of the times hereinafter mentioned, the defendant Oneida County Sheriff's Office (hereinafter "Sheriff's Office"), was and now is a government agency, duly organized and existing pursuant to the laws of the State of Wisconsin with its principle place of business located at 2000 E. Winnebago Street in Rhinelander, Wisconsin.

10. Upon information and belief, at all of the times hereinafter mentioned, the defendant Michael Baran (hereinafter "Baran") was and now is a resident of the County of Oneida, State of Wisconsin, and was, at the time of the incident, a sheriff's deputy employed by the defendants County and Sheriff's Office with his principle place of business located at 2000 E. Winnebago Street in Rhinelander, Wisconsin.

11. Upon information and belief, at all of the times hereinafter mentioned, the defendant Timothy Johnson (hereinafter "Johnson") was and now is a resident of the County of Oneida, State of Wisconsin, and was, at the time of the incident, a sheriff's deputy employed by

the defendants County and Sheriff's Office with his principle place of business located at 2000 E. Winnebago Street in Rhinelander, Wisconsin.

12. Upon information and belief, at all of the times hereinafter mentioned, the defendant Grady Hartman (hereinafter "Hartman") was and now is the sheriff of Oneida County. By law, custom and/or delegation, he has policymaking authority over the sheriff's deputies for the actions at issue in this case. He is responsible for ensuring that the policies and practices of the defendant Sheriff's Office comply with federal and state laws and requirements. He is sued in his official capacity, and his principle place of business is located at 2000 E. Winnebago Street in Rhinelander, Wisconsin.

## FACTS

13. The plaintiffs sue each and all defendants in both their individual and official capacities.

14. The plaintiff, Clemence, was unlawfully arrested on May 24, 2018 by the defendants, Baran and Johnson, and as a result of their conduct sustained injuries and damages as hereinafter set forth.

15. The defendant, Hartman, is the Sheriff of Oneida County, in that capacity, he is in charge of the deputies, including the defendants Baran and Johnson. By law, custom and/or delegation, he has policy making authority over the deputies for the actions at issue. He is responsible for ensuring that the policies and practices of the deputies comply with federal and state requirement for the treatment of citizens. He, upon information and belief, had personal knowledge that the arresting practices challenged in this case were occurring. He is sued in his official capacity.

### The wrongful arrest of the plaintiff Clemence

16.     On or about May 24, 2018, the plaintiff Clemence was operating his motor vehicle on County Highway D in a substantial rainstorm in Oneida County, Wisconsin. Upon information and belief, the defendants Baran and Johnson, individually and as representatives of the Sheriff's Office, activated their emergency lights and pulled the Clemence vehicle over onto the shoulder of the highway based upon an anonymous report that he was weaving and driving slowly.

17.     The plaintiff, Clemence, is a retired City of Milwaukee Police Officer, has no criminal record, is hard of hearing and has had two artificial hips and a knee placement, and suffers, among others, from cancer.

18.     Upon information and belief, after pulling the plaintiff, Clemence's, vehicle over, the defendants, Baran and Johnson, approached his motor vehicle at gunpoint, ordered Clemence out of the vehicle, handcuffing him behind his back and knocking him to the ground and then dragging him back to the squad car resulting in the injuries and damages hereinafter set forth, and charging him, among others, with resisting arrest.

19.     The defendants, Baran and Johnson, individually and as deputies of the Sheriff's Office, had no reason to pull guns on the plaintiff, Clemence, to handcuff him or to knock him to the ground or drag him back to their squad car.

20.     The conduct of the defendants, Baran and Johnson, in manhandling the plaintiff, Clemence, was outrageous, wanton and reckless, and in total disregard of his civil rights.

21.     The charge against the plaintiff, Clemence, for resisting arrest was not pursued and was dismissed by the Oneida County District Attorney's Office.

**DAMAGES**

22.     As a result of the conduct of the defendants, Baran and Johnson, individually and as deputies of the Sheriff's Office, Clemence, who was 80 years old at the time of this incident, had no alcohol beverage to drink nor had he been taking any illicit drugs, sustained contusions and

abrasions across his upper extremity and face, including his forehead, cheeks, wrists and forearms, suffered a loose tooth, had severe right knee pain and contusion, suffered severe chest pain, low back external pain, nausea, anxiety and breathing fast, resulting in his being conveyed to Eagle River Hospital, where he was hospitalized as result of this incident.

23.     In addition, the plaintiff, Clemence, was treated at the Marshfield Clinic, had acupuncture, and has continued to be treated at the Veteran's Administration Hospital for the injuries and damages sustained as a result of the conduct of the defendants, Baran and Johnson, individually and as deputies of the Sheriff's Office.

### Count One - 42 U.S.C. 1983 - Due Process

24.     Each of the paragraphs of this complaint is incorporated as if restated fully herein, as described above; all of the defendants were acting individually, jointly and in conspiracy, as well as under color of law, and in the scope of their employment and deprived the plaintiff, Clemence, of his constitutional rights by using excessive force when force, excessive or otherwise was not warranted.

25.     The defendants misconduct directly resulted in the injuries and damages sustained by the plaintiff, Clemence, and in violation of the due process clause of the 5th and 14th Amendments to the United States Constitution.

26.     As a result of this violation of his constitutional rights, the plaintiff, Clemence, suffered the injuries hereinbefore set forth.

27.     The misconduct described in this count was objectively unreasonable and was undertaken intentionally with willful indifference to the plaintiff's constitutional rights.

28.     The misconduct described in this count was undertaken pursuant to the policies and practices of the Sheriff's Office who, upon information and belief, use excessive force in treating citizens and due to the inadequate training by the Sheriff's Office, the Sheriff's Office violated the

plaintiff's rights by maintaining policies and practices that were the moving force in driving the foregoing constitutional violations.

29.     These widespread practices, so well settled as to constitute a *de facto* policy in the Sheriff's Office were able to exist and thrive because municipal policymakers with authority over the same acted in deliberate indifference to the problem, thereby effectively ratifying it.

30.     The widespread practices described in the preceding paragraphs were allowed to flourish because Oneida County and Hartman declined to implement sufficient training or legitimate mechanisms for oversight or punishment.

**Count Two - 42 U.S.C. 1983 - Failure to Intervene**

31.     Reiterates, repeats and realleges all of the paragraphs of this complaint as if restated fully herein.

32.     In the matter described above, during the constitutional violations described, one or more of the defendants stood by without intervening to prevent the misconduct.

33.     These defendants, Baran and Johnson, had a reasonable opportunity to prevents this harm but failed to do so.

34.     As a result of the defendants' misconduct, the plaintiff, Clemence, suffered the injuries hereinbefore set forth.

35.     The misconduct described in this count was objectively unreasonable and was undertaken intentionally with willful indifference to the plaintiff's constitutional rights.

36.     The misconduct described in this count was undertaken pursuant to the policies and practices of the Sheriff's Office and due to the inadequate training by the Sheriff's Office and Hartman, the Sheriff's Office violated the plaintiff's rights by maintaining policies and practices that were the moving force in driving the foregoing constitutional violations.

**Count Three - 42 U.S.C. 1983 – Supervisor Liability**

37.     Reiterates, repeats and realleges all of the paragraphs of this complaint as if restated fully herein.

38.     The constitutional injuries described herein were proximately caused by a pattern and practice of misconduct which occurred with the knowledge and consent of those of the defendant deputies who acted in a supervisory capacity such these deputies personally knew about, approved or condoned this pattern and practice of misconduct or at least recklessly caused the alleged deprivation by their actions or deliberate indifference.

39.     The misconduct described in this count was undertaken with malice, willful and reckless indifference of the rights of others.

40.     The misconduct described in this count was undertaken pursuant to Oneida County and Sheriff's Office policy and practice in the manner more fully described above.

41.     As a result of this violation, the plaintiff, Clemence, suffered the injuries hereinbefore set forth.

WHEREFORE, the plaintiff, David Clemence, demands judgment against the defendants, the County of Oneida, Oneida County Sheriff's Office, Michael Baran, Timothy Johnson and Grady Hartman, for compensatory damages together with costs, disbursements and reasonable attorney's fees, along with punitive damages against each of the defendant officers in their individual capacity in an amount to be set by the trier of fact.

WHEREFORE, the involuntary plaintiff, Medicare, demands judgment against the defendants, the County of Oneida, Oneida County Sheriff's Office, Michael Baran, Timothy Johnson and Grady Hartman, for compensatory damages together with costs, disbursements and reasonable attorney's fees in an amount to be set by the trier of fact.

**JURY DEMAND**

Plaintiff, David Clemence, hereby demands a trial by jury pursuant to Federal Rule of

Civil Procedure 38(b) on all issues so triable.


Dated at Milwaukee, Wisconsin this 22nd day of October, 2020

LAW OFFICES OF ROBERT A. LEVINE

By: /s/ Robert A. Levine_____
    Robert A Levine
    State Bar No. 1011965
    Jonathan Cattey
    State Bar No. 1079322

P.O. ADDRESS:
630 N. Broadway
Milwaukee, WI 53202
Phone: (414) 271-9585
Fax: (414) 271-8506
Email: rlevine@rlevinelaw.com
       jcattey@rlevinelaw.com