IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

DAVID CLEMENCE,

                          Plaintiff,

  v.                                                        OPINION and ORDER

COUNTY OF ONEIDA,                                 20-cv-974-jdp
ONEIDA COUNTY SHERIFF'S OFFICE,
MICHAEL BARAN, TIMOTHY JOHNSON, and
GRADY HARTMAN,

                          Defendants.

---

In this lawsuit, pro se plaintiff David Clemence alleges that Oneida County sheriff's deputies used excessive force to arrest him. Several matters are before the court. First, Clemence moves to compel defendants to produce a copy of the "real" dashboard camera footage of his arrest, contending that the copy that defendants produced is a staged re-enactment. Dkt. 40; Dkt. 46. Second, Clemence moves for extra time to respond to defendants' motion for summary judgment. Dkt. 64. Third, Clemence has filed several requests with the court asking for evidence and files related to his case.

**A. Motion to compel**

Clemence says that the dashboard camera footage that defendants produced to him and his then-attorneys was falsified and created using actors. Clemence claims that there are several differences between the video and what happened during his arrest. He says that in real life, there was no ambulance on the scene; the officers were shorter than the ones in the video; and Clemence was wearing a yellow shirt and blue jeans during the arrest, not a brown outfit. The court's pretrial conference order directed Clemence to submit photographs of himself when he

filed his motion to compel. *See* Dkt. 38, at 3. Clemence didn't include photographs when he filed his motion, but he submitted photographs of himself a few weeks later. Dkt. 55-6.

After reviewing the video and the parties' submissions, I have no reason to believe that the footage is fake. The person in the video appears to be Clemence. *Compare* Dkt. 55-6 *with* dashboard camera footage at 17:34–36. In the video, Clemence is wearing a yellow shirt with blue jeans, which is consistent with Clemence's memory of the incident and refutes Clemence's assertion that an actor playing him was wearing a brown outfit in the footage. And counsel for defendants has declared under penalty of perjury that the footage they produced is a genuine copy of the footage produced by defendant Michael Baran's squad camera. Dkt. 42, ¶ 5. Although Clemence may remember the evening differently, he has provided no evidence that defendants have falsified the footage or that other footage exists. Clemence's unsupported, implausible claims do not support granting a motion to compel the "real" footage. The motion will be denied.

B. Motion for an extension of time

Clemence has asked for an extension of time to respond to "defendant[s'] motions." Dkt. 64. He does not identify which motions he wishes to respond to, but I infer that he is referring to defendants' motion for summary judgment, Dkt. 22. Clemence's response was due April 8, 2022. Clemence filed several documents on that day, but he doesn't explain what they are or how they are related to the case. Dkt. 55.

A court can extend a deadline that has already passed only if the party seeking the extension acted with excusable neglect. *See* Fed. R. Civ. P. 6(b)(1)(B); *Flint v. City of Belvidere*, 791 F.3d 764, 768 (7th Cir. 2015). Clemence says that he needs the extension because his daughter passed away. I conclude that Clemence's neglect was excusable under the

circumstances, and I will give Clemence a short time to submit his summary judgment response. Before he submits his response, Clemence should review the court's summary judgment procedures. I'll attach another copy of those procedures to this order.

## C. Other filings

Clemence has filed several other submissions with the court. Clemence has made several requests for documents. *See* Dkts. 59–63; Dkt. 65. The court can provide copies of filings on the docket, and the clerk's office has sent Clemence a letter asking him to clarify what documents he is asking for. Dkt. 66. But if Clemence seeks documents from defendants that are not on the docket, his request should go directly to the defendants and should not be filed with the court. If Clemence wants to compel defendants to produce specific documents, he can file a motion asking for that relief. Clemence must ensure that all of his discovery requests and motions follow the Federal Rules of Civil Procedure, which are summarized in the court's pretrial conference order. *See* Dkt. 38, at 7–8.

Some of Clemence's filings are not motions asking the court to take a specific action, but rather letters about his case and pending motions. S*ee* Dkt. 47; Dkts. 50–51; Dkt. 60. Clemence should not file evidence with the court unless it is related to a specific motion, and he should not submit new arguments in support of motions he has already filed. Going forward, Clemence should limit his filings to specific requests from relief from the court. In his motions, he should clearly explain the relief he seeks and why he is entitled to it.

Defendants request a scheduling conference to discuss Clemence's frequent filings. Dkt. 52. In light of this order, I will deny the request as moot.

ORDER

IT IS ORDERED that:

1. Plaintiff David Clemence's motion to compel, Dkt. 40, is DENIED.

2. Clemence's motion for an extension of time to respond to defendants' motion for summary judgment, Dkt. 64, is GRANTED. Clemence may have until June 1, 2022, to submit his response. Defendants' brief in reply is due June 13.

3. Defendants' motion to hold a scheduling conference, Dkt. 52, is DENIED.

Entered May 17, 2022.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge